## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FJD PARTNERS, LLC, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. _____ |
| | : | |
| JOANNE FRISCO STATHOULIS, | : | |
| individually and d/b/a "FRISCO'S," | : | |
| "FRISCO'S CATERING," "MAMA | : | |
| FRISCO'S," "FRISCO BURGER," | : | |
| "FRISCO'S CAR-HOPS," "FRISCO'S | : | |
| CAR-HOP DINER," "FRISCO'S CAR- | : | |
| HOP DRIVE THRU," and/or "FRISCO'S | : | |
| CAR HOP DRIVE-IN," | : | |
| Defendants | : | |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff FJD Partners, LLC ("FJD" or "Plaintiff") files this Complaint for Declaratory Judgment against Defendant Joanne Frisco Stathoulis (individually and d/b/a "Frisco's," "Frisco's Catering," "Mama Frisco's," "Frisco Burger," "Frisco's Car-Hops," "Frisco's Car-Hop Diner," Frisco's Car-Hop Drive Thru," and/or "Frisco's Car Hop Drive-In" ("Stathoulis" or "Defendant")).

## NATURE OF THE ACTION

1.      Plaintiff FJD seeks Declaratory Judgment of Non-Infringement of Trademarks asserted against Plaintiff by Defendant.

2.      Stathoulis has asserted that FJD is infringing Stathoulis's alleged Trademark rights. FJD denies that it has infringed any Trademark rights owned by Stathoulis.

## THE PARTIES

3.      FJD is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located in Lancaster, Pennsylvania.

4.      Upon information and belief, Stathoulis is an individual citizen of the State of California with her principal place of business at 16480 Whittier Blvd., Whittier, California 90603.

## JURISDICTION AND VENUE

5.      This action is for Declaratory Judgment arising under (i) the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.* (the "Trademark Act"); (ii) 15 U.S.C. §1125, *et seq.* (the "Lanham Act"); and (iii) 28 U.S.C. §§ 2201 and 2202 (the "Declaratory Judgment Act"). Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      Defendant is also subject to the personal jurisdiction of this Court because the Defendant has advertised in the Commonwealth of Pennsylvania via its website (friscos.com). and has made false assertions of Infringement of Trademarks directed to Plaintiff in the Commonwealth of Pennsylvania.  Thus, the Court has both general and specific personal jurisdiction over Defendant.

7.      Venue of this action is proper in this Judicial District under 28 U.S.C. § 1391(b)(1) and (2) because Defendant is subject to the personal jurisdiction of this Court in this Judicial District and thus qualified as a resident of this Judicial District under 28 U.S.C. § 1391(c)(2).  In addition, a substantial part of the events giving rise to Plaintiff's claims has occurred and will continue to occur in this District.

## FACTUAL BACKGROUND

8.      Plaintiff re-avers and re-states the foregoing Paragraphs 1-7 inclusively as if fully set forth herein.

9.      Plaintiff operates three restaurants in Lancaster, Pennsylvania under the Trademark "FRISCO'S CHICKEN" (friscoschicken.com).

10.     Defendant operates one diner at one location in Whittier, California using a wide variety of names/trademarks, including but not limited to "Frisco's," "Frisco's Catering," "Mama Frisco's," "Frisco Burger," "Frisco's Car-Hops," "Frisco's Car-Hop Diner," "Frisco's Car-Hop Drive Thru," and/or "Frisco's Car Hop Drive-In."

## DEFENDANT'S ACTS COMPRISING ACTUAL CONTROVERSY

11.     Plaintiff re-avers and re-states the foregoing Paragraphs 1-10 inclusively as if fully set forth herein.

12.     By letter dated August 11, 2023 (Ex. "A"), Counsel for Defendant threatened to sue Plaintiff for Trademark Infringement.

13.     By letter dated August 18, 2023 (Ex. "B"), Counsel for Plaintiff explained to Counsel for Defendant why a Trademark Infringement action against Plaintiff would be meritless.

14.     By letter dated August 28, 2023, (Ex. "C"), Counsel for Defendant responded and reiterated its threats of litigation against Plaintiff.

15.     Defendant's Infringement Claims are completely without merit as there is no possibility of confusion, much less likelihood of confusion, between Defendant's drive-in diner in Whittier, California and Plaintiff's chicken restaurants 2,318 miles away in Lancaster, Pennsylvania. See, e.g., Tana v. Dantana's, 611 F.3d 767 (11th Cir. 2010); The Breakfast Klub, Inc. v. 1600 Breakfast Club, LLC, U.S.D. Ct., C.D.C.A. CV 22-3730 (FMO), Sept. 1, 2023, Order, Re: Motion for Preliminary Injunction.

16.     There presently exists a justiciable controversy regarding the Plaintiff's right to use its Trademark "FRISCO'S CHICKEN" without threat by Defendant that such conduct constitutes Infringement of any Trademark rights allegedly owned by Defendant.

**CLAIM FOR RELIEF**
**(<u>Non</u>-Infringement of Trademarks)**

17.     Plaintiff re-avers and re-states the foregoing Paragraphs 1-16 inclusively as if fully set forth herein.

18.     This is a Declaratory Judgment Action under the Trademark Laws of the United States, 15 USC §1051 *et seq.*, the Lanham Act, 15 U.S.C. §1125, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist use of the Plaintiff's Trademark "FRISCO'S CHICKEN," Plaintiff seeks relief from this Court.

19.     Plaintiff is entitled to Declaratory Judgment that it is <u>not</u> infringing, has <u>not</u> infringed, and is <u>not</u> liable for infringing any Trademarks owned by Defendant.

**<u>REQUEST FOR RELIEF</u>**

WHEREFORE, Plaintiff seeks judgment awarding it the following relief:

(a)     An Order declaring that Plaintiff has <u>not</u> infringed any valid, distinctive and enforceable Trademark rights owned by Defendant.

(b)     Find that the Infringement Claims of Defendant and any defense to this action are "exceptional" and order that Plaintiff be awarded all of its attorneys' fees and costs. <u>Fair Wind Sailing, Inc. v. Dempster</u>, 764 F.3d, 303 (3rd Cir. 2014).

(c)     An order awarding such other and further relief as this Court deems just and proper.

Respectfully submitted,

SAXTON & STUMP, LLC

Dated:  September 8, 2023                    By:*/s/ Alec J. Johnson*
                                     M. Kelly Tillery, Esquire
                                     PA Attorney I.D. No. 30380
                                     ktillery@saxtonstump.com
                                     Thomas J. Kent, Esquire
                                     Attorney I.D. No. 81876
                                     tjk@saxtonstump.com
                                     Alec J. Johnson, Esquire
                                     PA Attorney I.D. No. 332528
                                     ajj@saxtonstump.com
                                     230 S. Broad Street, Suite 1100
                                     Philadelphia, PA  19102
                                     (717) 556-1034

                                    *Attorneys for Plaintiff FJD Partners, LLC*