UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

———————————————————————

| | |
|---|---|
| FJD PARTNERS, LLC | : |
| Plaintiff, | : |
| | : |
| v. | :    No. 5:23-cv-3682 |
| | : |
| JOANNE FRISCO STATHOULIS, | : |
| *individually and d/b/a* Frisco's, | : |
| Frisco's Catering, Mama Frisco's, | : |
| Frisco Burger, Frisco's Car-Hops, | : |
| Frisco's Car-Hop Diner, | : |
| Frisco's Car-Hop Drive Thru, and/or | : |
| Frisco's Car Hop Drive-In, | : |
| Defendant. | : |

———————————————————————

**O P I N I O N**
**Motion to Dismiss, ECF No. 10 – Granted**

**Joseph F. Leeson, Jr.**                                                    **December 1, 2023**
**United States District Judge**

**I.      INTRODUCTION**

Plaintiff FJD Partners LLC initiated the above-captioned action seeking declaratory

judgment against Defendant Joanne Frisco Stathoulis for non-infringement of trademarks.  The

suit arose after FJD, who operates three restaurants in Pennsylvania, received a cease-and-desist

letter on behalf of Stathoulis, who operates a diner in California, regarding use of the registered

trademark Frisco's.  Stathoulis has filed a motion to dismiss for lack of personal jurisdiction,

arguing that the cease-and-desist letter her attorney sent to FJD in Pennsylvania is insufficient to

provide personal jurisdiction.  For the reasons set forth below, the motion is granted, and the case

is dismissed without prejudice to being refiled in a forum that can maintain jurisdiction.

II.     **BACKGROUND**

FJD operates three restaurants in Lancaster, Pennsylvania named "Frisco's Chicken." *See* Compl. ¶ 9, ECF No. 1.  Stathoulis operates one diner in California that uses a variety of names/trademarks including "Frisco's," "Frisco's Catering," "Mama Frisco's," "Frisco Burger," "Frisco's Car-Hops," "Frisco's Car-Hop Diner," "Frisco's Car-Hop Drive Thru," and/or "Frisco's Car Hop Drive-In."  *See id.* ¶ 15.

On August 11, 2023, counsel for Stathoulis sent FJD a cease-and-desist letter stating that FJD has been using a federally protected trademark registered to Stathoulis, namely "Frisco's." *See id.* ¶ 12; 8/11/23 letter, Ex. A, ECF No. 1-1.  The letter asserts that FJD's use of the name Frisco's creates the false impression that FJD's restaurants are connected to Stathoulis's diner. *See* 8/11/23 letter.  The letter demands that FJD stop using the "Frisco's" mark, expresses an intent to "achieve an amicable and speedy resolution," and mentions that Stathoulis "has a range of effective legal actions and other remedies available if [FJD] does not promptly comply."  *See id.*  FJD responded a week later with a letter stating that because its restaurants are more than 2,300 miles from the California diner, offer a different menu, and have distinctively different styles and color themes, there is no possibility of confusion.  *See* 8/18/23 letter, Ex. B, ECF No. 1-2.  Disagreeing with FJD's response, counsel for Stathoulis sent a reply letter on August 28, 2023, again demanding that FJD stop using the Frisco's mark or it may have to resort to the "range of effective legal actions and other remedies available," including "litigation."  *See* 8/28/23 letter, Ex. C, ECF No. 1-3.

On September 18, 2023, FJD filed a declaratory judgment complaint asking this Court to declare that FJD is not infringing, has not infringed, and is not liable for infringing any trademarks owned by Stathoulis.  *See* Compl. ¶ 19.

Stathoulis has moved to dismiss the complaint for lack of personal jurisdiction.  *See* Mot., ECF No. 10.  Stathoulis contends that minimum contacts are not met because she does not have a physical presence in Pennsylvania, does not maintain a telephone line, pay taxes, or conduct business in Pennsylvania, does not have employees or agents in Pennsylvania, has never sold, shipped goods, or catered to any customers in Pennsylvania, does not advertise or market any products or services in Pennsylvania, and although she operates a website that is not interactive, it does not target Pennsylvania.  *See id.* 7-12.  Stathoulis further argues that the cease-and desist letters, which merely notified an alleged infringer of her rights, are insufficient to confer jurisdiction.  *See id.* 12-13.  Stathoulis asserts that in the absence of minimum contacts, it would not comport with fair play and substantial justice for the Court to exercise personal jurisdiction. *See id.* 13-14.

FJD responds to the Motion arguing that the cease-and-desist letters, which threaten enforcement, are sufficient to confer jurisdiction because they provide minimum contacts, and such legal action could only be taken in Pennsylvania.  *See* Resp. 4-7, ECF No. 11.  FJD also argues that personal jurisdiction comports with fair play and substantial justice because Pennsylvania has an interest in adjudicating this dispute as it involves a Pennsylvania resident, FJD would be burdened if it had to file suit in California, and jurisdiction is compatible with the courts' interest in promoting settlements.  *See* Resp. 8-10.

## III.   LEGAL STANDARDS

### A.      Personal Jurisdiction, Rule 12(b)(2) – Review of Applicable Law

When reviewing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), this Court must accept the plaintiff's allegations as true and resolve disputed facts in favor of the plaintiff.  *See Pinker v. Rocher Holdings Ltd.*, 292 F.3d 361, 368

(3d Cir. 2002).  However, once a defendant has raised a jurisdictional defense, the plaintiff must "prove by affidavits or other competent evidence that jurisdiction is proper." *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).  If an evidentiary hearing is not held, a plaintiff "need only establish a prima facie case of personal jurisdiction." *Id*.  A plaintiff meets this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434 (3d. Cir 1987).

   **B.  Types of Personal Jurisdiction – Review of Applicable Law**

   There are two types of personal jurisdiction: general and specific.  "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state. *Helicopteros Nationals' de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 n.9 (1984)).  Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state. *See id.* at 414-15 & n.8." *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008).  The specific jurisdiction inquiry has three parts: (1) the defendant must have "purposefully directed his activities at residents of the forum;" (2) the litigation must "arise out of or relate to those activities;" and (3) the assertion of personal jurisdiction must "comport with fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations omitted).

**IV. ANALYSIS**

   Initially, the Court notes that FJD alleges only specific jurisdiction, not general jurisdiction.  The Complaint also fails to support general jurisdiction.  Accordingly, a finding of general personal jurisdiction is not appropriate.  The Court therefore considers whether it has specific jurisdiction.

"Almost every court that has considered the issue has held that 'cease-and-desist' letters, standing alone, are insufficient to confer personal jurisdiction." *StayWell Co. v. Wang*, No. 06-1726, 2006 U.S. Dist. LEXIS 60363, at *7-8 (E.D. Pa. Aug. 24, 2006) (citing cases). In *Kehm Oil*, the Third Circuit Court of Appeals, reasoning that the cease-and-desist letter did not express the goal to do business in Pennsylvania, held that the "cease and desist letter does not rise to the level of purposeful availment for purposes of [personal] jurisdiction." *See Kehm Oil Co.*, 537 at 300-01. Instead of focusing on the first part of the specific jurisdiction inquiry, the Federal Circuit Court in *Red Wing Shoe* determined that a "better explanation for this court's statement that cease-and-desist letters alone do not suffice to create personal jurisdiction lies in the . . . examin[ation of] whether the maintenance of personal jurisdiction would "comport with fair play and substantial justice." *See Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998) (quoting *Burger King*, 471 U.S. at 476; *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). The Federal Circuit determined that "[p]rinciples of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum." *Id.* at 1360-61 (reasoning that a defendant "should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement"); *Nova Design Techs., Ltd. v. Walters*, No. 10-7618, 2011 U.S. Dist. LEXIS 123485, at *19-23 (E.D. Pa. Oct. 24, 2011) (rejecting the plaintiff's attempt to distinguish *Red Wing Shoe* because that case involved patent and not trademark licensing).

Whether based on the purposeful availment inquiry or the need for personal jurisdiction to "comport with fair play and substantial justice," specific personal jurisdiction over Stathoulis is lacking here. Stathoulis could have only sent its cease-and-desist letter to FJD in Pennsylvania

because FJD is located here.  There are no other contacts with Pennsylvania.  *See Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) ("A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction."); *Toys "R"" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003) ("The opinion in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) has become a seminal authority regarding personal jurisdiction based upon the operation of an Internet web site.").  Accordingly, Stathoulis's mere assertion of her protected trademark does not provide the necessary minimum contacts.  *See Nova Design Techs., Ltd.*, 2011 U.S. Dist. LEXIS 123485, at *19-23 (granting the defendants' motion to dismiss for lack of personal jurisdiction because the assertion of one's intellectual property rights through a cease-and-desist letter cannot give rise to a finding of minimum contacts); *Highmark, Inc. v. Allcare Health Mgmt. Sys.*, 304 F. Supp. 2d 663, 666 (W.D. Pa. 2003) (concluding that the defendant's pre-litigation investigation of possible infringement by twenty-two Pennsylvania corporations, hybrid cease-and-desist/license negotiation letters between representatives of the parties that combined to total thirty-plus contacts, cease-and-desist letters sent to four other Pennsylvania entities in the past five years, and a relationship with one non-exclusive licensee located in Pennsylvania amounted "to nothing more than a patentee vigorously protecting its patent rights by investigating suspected infringement and informing the potential infringer(s)" and did not create personal jurisdiction).  Furthermore, although the letters mention Stathoulis's "range of effective legal actions and other remedies, including "litigation," its first letter also expressed the desire to "achieve an amicable and speedy resolution.  *See* 8/18/23 letter and 8/28/23 letter. Regardless, if the mere threat of legal action in a cease-and-desist letter could create personal jurisdiction, license holders would be encouraged "simply to file suit in their home states rather

than attempt to resolve their disputes without litigation," which would not promote settlement or comport with the notions of fair play and substantial justice. *See StayWell Co.*, 2006 U.S. Dist. LEXIS 60363, at *11-12 (concluding that the threat of legal action in a cease-and-desist letter is insufficient to confer personal jurisdiction).

Consequently, this Court lacks personal jurisdiction over Stathoulis and dismisses[1] the Complaint.

## V.    CONCLUSION

The mailing of two cease-and-desist letters to a company in Pennsylvania is, without more, insufficient to establish personal jurisdiction. The declaratory judgment complaint is therefore dismissed without prejudice to being refiled in a forum that can maintain jurisdiction.

A separate order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1]      Neither party seeks transfer in leu of dismissal and, instead, FJD argues that it would be burdened if forced to litigate in California. Therefore, the Court finds that it is not in the interests of justice to sua sponte transfer the action instead of dismissing the complaint.

7
113023